# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-MC-19-MOC-DSC

| | |
|---|---|
| **COMPOSITE RESOURCES INC.,** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **COMBAT MEDICAL SYSTEMS LLC** ) <br> **AND ALPHAPOINTE,** ) <br> ) <br> Respondents, ) <br> ) <br> v. ) <br> ) <br> **NORTH AMERICAN RESCUE** ) <br> **PRODUCTS LLC,** ) <br> ) <br> Respondent. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on non-party "North American Rescue Products LLC's Motion to Quash Subpoena …" (document #1) and the parties' briefs and exhibits.

This Motion seeks to quash a third-party Subpoena that was served by Defendants in the underlying patent infringement action. See Composite Resources, Inc. v. Combat Medical Systems, LLC and Alphapointe, NCWD File No. 3:17-cv-00072-MOC-DSC. The Court is well acquainted with the ongoing discovery disputes which the parties have been unable to resolve absent Court intervention. Most recently, this Court conducted a telephonic discovery conference addressing Plaintiff's objection to producing certain documents. See docket entry dated February 1, 2019 (ordering Plaintiff to make production within fourteen days).

On December 18, 2018, Defendants served their Subpoena directing North American Rescue Products, LLC ("NAR") to appear for a Rule 30(b)(6) deposition and produce documents by January 10, 2019. NAR filed this Motion to Quash.

The Court has carefully considered the parties' arguments, the authorities, and the record. Pursuant to Fed. R. Civ. P. 45(d)(3)(A), the court for the district where compliance is required must quash or modify a subpoena that:

> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to an undue burden.

Subsections (B) and (C) provide:

> (B) To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
> (i) disclosing a trade secret or other confidential research, development, or commercial information; or
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
> (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
> (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
> (ii) ensures that the subpoenaed person will be reasonably compensated.

> Whether a subpoena subjects a witness to undue burden within the meaning of Rule 45(d)(3)(A)(iv) usually raises a question of the reasonableness of the subpoena. The determination of a subpoena's reasonableness requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it; this process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source. It obviously is a highly case specific inquiry and entails an exercise of judicial discretion.

9A Charles Alan Wright et al, Fed. Prac. & Proc. Civ. § 2463.1 (3d ed 2005) (footnotes omitted). "A subpoena is 'overbroad' if it does not limit the documents requested to subject matter

relevant to the claims or defenses." Innovative Therapies, Inc. v. Meents, 302 F.R.D. 364 (D. Md. 2014).

Confidential commercial information is expressly protected by Rule 45. "Examples of confidential commercial information entitled to protection under Rules 26(c)(1)(G) and 45(d)(3)(B)(i) include customer lists and revenue information, Nutratech, Inc., v. Syntech Intern., Inc., 242 F.R.D. 552, 555 (N.D.Cal.2007); product design and development and marketing strategy, Culinary Foods, Inc. v. Raychem Corp., 151 F.R.D. 297, 305 (D.Ill.1994); labor costs, Miles v. Boeing, 154 F.R.D. 112, 114 (E.D.Pa.1994); and commercial financial information, Vollert v. Summa Corp., 389 F.Supp. 1348, 1352 (D.Hawai'i 1975). Moreover, '[p]ricing and marketing information are widely held to be confidential business information that may be subject to a protective order.' Uniroyal Chem. Co. Inc. v. Syngenta Crop Prot., 224 F.R.D. 53, 57 (D.Conn. 2004).

The Court concludes that this Subpoena should be quashed. Nearly all of the information that Defendants seek is confidential commercial information. Defendants have not explained what efforts they made to obtain this information from Plaintiff or other sources, that is, in a manner less intrusive than issuing a subpoena for confidential information from a non-party. Defendants attempt to meet the substantial need/undue hardship standard in Rule 45 (d)(3)(C)(i) by arguing that NAR has engaged in misconduct as a distributor of Plaintiff's product. Evidently Defendants have concluded that this misconduct is not actionable in this lawsuit. Likewise, it does not support an order compelling discovery of confidential information from a non-party. Defendants also argue they need discovery from NAR to evaluate the testimony of other witnesses. Potential impeachment of witnesses is an insufficient basis for Rule 45(d)(3)(C)(i) discovery here.

For those and the other reasons stated in NAR's briefs, its "Motion to Quash Subpoena …" (document #1) is <u>granted</u>.  The December 18, 2019 Subpoena issued to North American Rescue Products, LLC is <u>quashed</u>.

The Clerk is directed to send copies of this Order to counsel of record <u>and to the Honorable Max O. Cogburn, Jr.</u>

**SO ORDERED**.

Signed: February 7, 2019

David S. Cayer
United States Magistrate Judge